FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2020

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH K.,[1] | No. 1:19-cv-03244-MKD |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1  is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

2  motion, ECF No. 14, and denies Defendant's motion, ECF No. 15.

3  **JURISDICTION**

4  The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

5  1383(c)(3).

6  **STANDARD OF REVIEW**

7  A district court's review of a final decision of the Commissioner of Social

8  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

9  limited; the Commissioner's decision will be disturbed "only if it is not supported

10  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

11  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

12  reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

13  (quotation and citation omitted).  Stated differently, substantial evidence equates to

14  "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

15  citation omitted).  In determining whether the standard has been satisfied, a

16  reviewing court must consider the entire record as a whole rather than searching

17  for supporting evidence in isolation. *Id.*

18  In reviewing a denial of benefits, a district court may not substitute its

19  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

20  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

1  severe than one of the enumerated impairments, the Commissioner must find the

2  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

3      If the severity of the claimant's impairment does not meet or exceed the

4  severity of the enumerated impairments, the Commissioner must pause to assess

5  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6  defined generally as the claimant's ability to perform physical and mental work

7  activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

8  404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

9  analysis.

10     At step four, the Commissioner considers whether, in view of the claimant's

11  RFC, the claimant is capable of performing work that he or she has performed in

12  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

13  If the claimant is capable of performing past relevant work, the Commissioner

14  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

15  If the claimant is incapable of performing such work, the analysis proceeds to step

16  five.

17     At step five, the Commissioner considers whether, in view of the claimant's

18  RFC, the claimant is capable of performing other work in the national economy.

19  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

20  the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On October 7, 2016, Plaintiff applied both for Title II disability insurance

benefits and Title XVI supplemental security income benefits alleging a disability

onset date of August 27, 2016.  Tr. 80, 200-14.  The applications were denied

initially and on reconsideration.  Tr. 130-33; Tr. 137-39.  Plaintiff appeared before

an administrative law judge (ALJ) on April 30, 2018.  Tr. 39-79.  On September

25, 2018, the ALJ denied Plaintiff's claim.  Tr. 12-31.

ORDER - 6

At step one of the sequential evaluation process, the ALJ found Plaintiff, who meets the insured status requirements through December 31, 2021, has not engaged in substantial gainful activity since August 27, 2016.  Tr. 17-18.  At step two, the ALJ found that Plaintiff has the following severe impairments: affective related disorder and anxiety related disorder.  Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 19.  The ALJ then concluded that Plaintiff has the RFC to perform the full range of work at all exertional levels with the following nonexertional limitations:

> [Plaintiff] could perform simple, routine tasks and follow short, simple instructions.  [Plaintiff] could do work that needs little or no judgment and could perform simple duties that can be learned on the job in a short period.  She requires a work environment that is predictable and with few work setting changes, i.e., a few routine and uninvolved tasks according to set procedures, sequence, or pace.  Finally, there can be no requirement to set goals independently but she is able to understand and follow employer set goals.

Tr. 20.

At step four, the ALJ found Plaintiff is capable of performing her past relevant work as a housekeeper.  Tr. 24.  In the alternative, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant

ORDER - 7

numbers in the national economy that Plaintiff could perform, such as small products assembler, marker, hand packager, and housekeeper.  Tr. 25-26. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of August 27, 2016, through the date of the decision.  Tr. 26.

On August 16, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ properly evaluated lay witness evidence;

3.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

4.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 14 at 2.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in his consider of the opinions of Pedro Fernandez, M.D. and Jenifer Schultz, Ph.D.  ECF No. 14 at 7-11.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

ORDER - 9

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Dr. Fernandez

Dr. Fernandez, a treating provider, opined Plaintiff's bipolar disorder "has interfered with her functioning in more than one area of functioning in life. She is disable [sic] because of the condition but she is very motivated to seek treatment and follow the MD indications." Tr. 1007. The ALJ did not address Dr. Fernandez's statement. As Dr. Fernandez's opinion is contradicted by the opinions of Kent Reade, Ph.D., Tr. 86-89, and John Robinson, Ph.D., Tr. 113-15, the ALJ was required to give specific and legitimate reasons, supported by substantial evidence, to reject the opinion. *See Bayliss*, 427 F.3d at 1216.

While Plaintiff contends Dr. Fernandez's statement is an opinion that must be addressed, ECF No. 14 at 9-10, Defendant argues Dr. Fernandez's statement is a recitation of Plaintiff's self-report that she is disabled, and as such, the statement

ORDER - 10

was not an opinion and the ALJ did not need to address it,  ECF No. 15 at 11.

Defendant further argues that the note was written at an initial consult in which

Plaintiff had a generally normal mental status examination, which supports the

contention that the statement was based on Plaintiff's self-report and was not an

opinion that Plaintiff is disabled.  *Id.* at 11-12.

Dr. Fernandez's notes are broken down into several sections, and contains

notes that re-state Plaintiff's statements with clear indications they are based on

self-report, such as statements Plaintiff "reported" the history of her present illness,

she "stated" she had a prior plan to commit suicide, she "does not feel" her

grandmother was diagnosed with bipolar disorder, and she "describes" her

upbringing as happy and sad.  Tr. 1003-06.  Under the "formulation"[2] section at

_____

[2] Formulation is the co-construction between the practitioner and patient of a

description of the patient's difficulties and a hypothesis for the origin of the

patient's difficulties, which is used as a basis for working to understand the

patient's difficulties and to create a treatment plan. *See* Johnstone, L.,

*Psychological Formulation as an Alternative to Psychiatric Diagnosis*, 58(1)

Journal of Humanistic Psychology, 30–46 (2018); *see also* Sperry, M.D., Ph.D.,

Len, 10(2) *Demystifying the Psychiatric Case Formulation*, Jefferson Journal of

Psychiatry, Article 4 (1992).

ORDER - 11

1    Plaintiff's initial consult, Dr. Fernandez wrote Plaintiff's functioning is impacted

2    by her condition and she is disabled because of her condition; the statement is then

3    repeated verbatim under impression/recommendation.  Tr. 1007-08.  The statement

4    at issue does not include explicit language that it is based on Plaintiff's self-report.

5    *See id.*  As there is no clear indication Dr. Fernandez's statement was solely a

6    restatement of Plaintiff's reports, the ALJ erred in failing to address Dr.

7    Fernandez's opinion.  A statement by a medical source that a claimant is "unable to

8    work" is not a medical opinion and is not due "any special significance."  20

9    C.F.R. § 416.927(d).  Nevertheless, the ALJ is required to consider medical source

10   opinions about any issue, including issues reserved to the Commissioner, by

11   evaluating the opinion in light of the evidence in the record and applying the

12   applicable 20 C.F.R. § 416.927(d) factors.  SSR 96-5p at *2-3.  As such, the ALJ

13   committed harmful error by not addressing Dr. Fernandez's opinion.

14          On remand, the ALJ is directed to reconsider Dr. Fernandez's opinion and

15   incorporate the limitations into the RFC or give specific and legitimate reasons,

16   supported by substantial evidence, to reject the opinion.  The ALJ is further

17   directed to take testimony from a psychological expert.

18          *2.  Dr. Schultz*

19          Dr. Schultz, a psychological consultative examiner, diagnosed Plaintiff with

20   bipolar disorder.  Tr. 436.  Dr. Schultz opined Plaintiff has a poor prognosis; she is

ORDER - 12

capable of managing her own funds; she can think in an abstract manner and reason; she has intact memory; she has poor concentration; she has good social interaction; she has not adapted to not working; and she has trouble focusing which would impact her ability to learn and work. Tr. 436-37. The ALJ gave Dr. Schultz's opinion slight weight. Tr. 23. As Dr. Schultz's opinion is contradicted by the opinions of Kent Reade, Ph.D., Tr. 86-89, and John Robinson, Ph.D., Tr. 113-15, the ALJ was required to give specific and legitimate reasons, supported by substantial evidence, to reject the opinion. *See Bayliss*, 427 F.3d at 1216.

The ALJ found Dr. Schultz rendered her opinion during a period Plaintiff was not engaged in treatment, and Plaintiff later had improvement with treatment. Tr. 23. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).

The ALJ noted that at the time of Dr. Schultz's January 2017 examination, Plaintiff was not receiving any mental health treatment. Tr. 23. After the examination, Plaintiff began receiving treatment and reported doing well with medications. *Id.* (citing Tr. 457-78, 501-17, 1015). Plaintiff reported gardening and volunteering with her church in May 2017, and she had a normal mental status

ORDER - 13

examination at that time.  Tr. 23 (citing Tr. 514).  While Plaintiff made errors on

the serial sevens test at Dr. Schultz's examination, the ALJ noted Plaintiff

completed serial sevens with no errors in March 2018.  Tr. 23 (citing Tr. 1007).

Plaintiff acknowledges that she regained insurance coverage in February

2017 and reinitiated mental health treatment at that time.  ECF No. 14 at 5 (citing

Tr. 439).  Plaintiff was discharged from mental health treatment in August 2017

when her treatment was deemed complete.  ECF No. 14 at 6 (citing Tr. 505).

Plaintiff then did not have mental health treatment again for a period but in March

2018 Plaintiff attended an appointment with Dr. Fernandez who opined Plaintiff

was disabled at that time.  Tr. 1006-07.  While the ALJ reasoned Dr. Schultz's

opinion was inconsistent with Plaintiff's symptom improvements, the ALJ failed to

consider a disabling opinion rendered after the period the ALJ found there was

improvement.  As such, the ALJ erred in rejecting Dr. Schultz's opinion.  On

remand, the ALJ is instructed to reconsider Dr. Schultz's opinion and incorporate

the limitations into the RFC or give specific and legitimate reasons, supported by

substantial evidence, to reject the opinion.

**B. Lay Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the lay witness

opinions of Joe Stearns and Karl Knudsen.  ECF No. 14 at 11-14.  An ALJ must

consider the statement of lay witnesses in determining whether a claimant is

1  disabled.  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir.

2  2006).  Lay witness evidence cannot establish the existence of medically

3  determinable impairments, but lay witness evidence is "competent evidence" as to

4  "how an impairment affects [a claimant's] ability to work."  *Id.*; 20 C.F.R. §§

5  416.913, 404.1513; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir.

6  1993) ("[F]riends and family members in a position to observe a claimant's

7  symptoms and daily activities are competent to testify as to her condition.").  If a

8  lay witness statement is rejected, the ALJ "'must give reasons that are germane to

9  each witness.'"  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing

10  *Dodrill*, 12 F.3d at 919).

11        Mr. Stearns, Plaintiff's friend, stated Plaintiff takes two hours to complete

12  what should be a twenty-minute task, she has difficulty following instructions,

13  requires constant supervision and is likely not employable.  Tr. 288-89.  Mr.

14  Knudsen, Plaintiff's former supervisor, stated Plaintiff was late thirty-five percent

15  of the time she worked for him, she struggled to handle more than one task at a

16  time, and she did not handle stress well, but was very detail-oriented with numbers.

17  Tr. 292.  The ALJ gave both statements slight weight.  Tr. 24.  The ALJ is not

18  required "to discuss every witness's testimony on a[n] individualized, witness-by-

19  witness basis.  Rather, if the ALJ gives germane reasons for rejecting testimony by

20  one witness, the ALJ need only point to those reasons when rejecting similar

ORDER - 15

1  testimony by a different witness." *Molina*, 674 F.3d at 1114. If the ALJ gives

2  germane reasons for rejecting testimony by one witness, the ALJ need only point

3  to those reasons when rejecting similar testimony by a different witness. *Id.*

4       The ALJ found the lay witness' statements are inconsistent with the

5  treatment records which demonstrated improvement in Plaintiff's symptoms with

6  treatment. Tr. 24. An ALJ may reject lay testimony if it is *inconsistent* with

7  medical evidence, but not if it is simply *unsupported* by medical evidence."

8  *Carlos L. v. Berryhill*, No. ED CV 17-122-SP, 2019 WL 1433723, at *11 (C.D.

9  Cal. March 28, 2019) (emphasis in original); *compare Lewis v. Apfel*, 236 F.3d

10  503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay

11  testimony is that it conflicts with medical evidence.") *and Bayliss*, 427 F.3d at

12  1218 ("Inconsistency with medical evidence is one [germane] reason [to discredit

13  the testimony of lay witnesses].") *with Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th

14  Cir. 2009) ("Nor under our law could the ALJ discredit her lay testimony as not

15  supported by medical evidence in the record.") *and Diedrich v. Berryhill*, 874 F.3d

16  634, 640 (9th Cir. 2017) ("[A] lack of support from the 'overall medical evidence'

17  is also not a proper basis for disregarding [the lay witness'] observations")

18  (internal citation omitted).

19       The ALJ noted that the treatment records demonstrated Plaintiff had

20  significant improvement in her symptoms when she received treatment; after

ORDER - 16

reinitiating treatment, she had generally normal mental status examinations and reported engaging in volunteer work. Tr. 23 (citing Tr. 993). The ALJ also referenced the earlier sections of his decision in which he discussed Plaintiff's improvement with treatment. Tr. 23. As discussed *supra,* the Court finds the ALJ's analysis regarding Plaintiff's improvement was flawed given the ALJ's failure to consider Dr. Fernandez's disabling opinion. As such, the ALJ erred in his consideration of the lay opinion evidence. On remand, the ALJ is directed to reconsider Mr. Stearns and Mr. Knudsen's opinions and incorporate the opinions into the RFC or give germane reasons to reject the opinions.

**C. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 14 at 14-16. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has

ORDER - 17

1  alleged; [the claimant] need only show that it could reasonably have caused some

2  degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

3      Second, "[i]f the claimant meets the first test and there is no evidence of

4  malingering, the ALJ can only reject the claimant's testimony about the severity of

5  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

6  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

7  omitted).  General findings are insufficient; rather, the ALJ must identify what

8  symptom claims are being discounted and what evidence undermines these claims.

9  *Id.* (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to

10  sufficiently explain why it discounted claimant's symptom claims)).  "The clear

11  and convincing [evidence] standard is the most demanding required in Social

12  Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

13  *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

14      Factors to be considered in evaluating the intensity, persistence, and limiting

15  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

16  duration, frequency, and intensity of pain or other symptoms; 3) factors that

17  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

18  side effects of any medication an individual takes or has taken to alleviate pain or

19  other symptoms; 5) treatment, other than medication, an individual receives or has

20  received for relief of pain or other symptoms; 6) any measures other than treatment

ORDER - 18

an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929 (c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence. Tr. 21.

The ALJ found Plaintiff's symptoms improved with treatment. Tr. 21-22. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929; *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ noted that Plaintiff's symptoms significantly improved when she began counseling and medication in February 2017. Tr. 21. Through 2017, Plaintiff had generally normal mental status examinations, in which she reported improvement, gardening, attending church and volunteering. Tr. 21-22 (citing Tr.

ORDER - 19

439, 446, 472-73, 508-10, 512, 514).  In August 2017, Plaintiff closed her case

with her counselor.  Tr. 22 (citing Tr. 503, 506).  Plaintiff re-engaged in services in

February 2018, when she reported stressors related to her son.  Tr. 22 (citing Tr.

847).  As discussed *supra,* the ALJ failed to consider Dr. Fernandez's March 2018

disabling opinion.  While the ALJ offered another reason to reject Plaintiff's

symptom complaints, the Court finds the ALJ erred in his consideration of

Plaintiff's symptom claims.  On remand, the ALJ is directed to reconsider

Plaintiff's symptom claims and incorporate the reported limitations into the RFC or

give clear and convincing reasons, supported by substantial evidence, to reject

Plaintiff's symptom complaints.

**D. Step Five**

Plaintiff contends the ALJ erred in his step five analysis.  ECF No. 14 at 16-

17.  "[I]f a claimant establishes an inability to continue her past work, the burden

shifts to the Commissioner in step five to show that the claimant can perform other

substantial gainful work."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)

(*citing Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  At step five, "the

ALJ ... examines whether the claimant has the [RFC] ... to perform any other

substantial gainful activity in the national economy."  *Id*.  "If the claimant is able to

do other work, then the Commissioner must establish that there are a significant

number of jobs in the national economy that claimant can do."  *Tackett*, 180 F.3d

1    at 1099.  "There are two ways for the Commissioner to meet the burden of

2    showing that there is other work in 'significant numbers' in the national economy

3    that claimant can do: (1) by the testimony of a [VE], or (2) by reference to the

4    Medical-Vocational Guidelines...."  *Id*.  "If the Commissioner meets this burden,

5    the claimant is not disabled and therefore not entitled to ... benefits."  *Id*. (citation

6    omitted).  "If the Commissioner cannot meet this burden, then the claimant is

7    disabled and therefore entitled to ... benefits."  *Id*. (citation omitted).

8         The ALJ found that given Plaintiff's RFC, she would be able to perform the

9    requirements of occupations including small products assembler, marker, hand

10   packager, and housekeeper.  Tr. 25-26.  Plaintiff contends the ALJ erred in finding

11   Plaintiff capable of performing the hand packager and marker positions, as both

12   require a GED reasoning level of two and Plaintiff's RFC is not consistent with the

13   ability to perform reasoning level two work.  ECF No. 14 at 16-17.  As the case is

14   being remanded for reconsideration of the medical evidence, Plaintiff's symptom

15   claims, and the lay opinion evidence, the ALJ is directed to perform the five-step

16   sequential analysis anew, including reconsidering Plaintiff's ability to perform

17   work at step-four and step-five.

18

19

20

1    **E. Remedy**

2        Plaintiff urges this Court to remand for an immediate award of benefits.

3    ECF No. 14 at 2, 18.

4        "The decision whether to remand a case for additional evidence, or simply to

5    award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

6    1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

7    When the Court reverses an ALJ's decision for error, the Court "ordinarily must

8    remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

9    1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

10   proper course, except in rare circumstances, is to remand to the agency for

11   additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

12   775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security

13   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

14   discretion for a district court not to remand for an award of benefits" when three

15   conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

16   (citations omitted). Under the credit-as-true rule, where (1) the record has been

17   fully developed and further administrative proceedings would serve no useful

18   purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

19   evidence, whether claimant testimony or medical opinion; and (3) if the improperly

20   discredited evidence were credited as true, the ALJ would be required to find the

ORDER - 22

claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the Court finds further proceedings are necessary to determine the appropriate weight to afford to Dr. Fernandez's opinion, and reconsider the other evidence in light of Dr. Fernandez's opinion and any opinion rendered by the testifying psychological expert. As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER - 23

1    The District Court Executive is directed to file this Order, provide copies to

2    counsel, and **CLOSE THE FILE.**

3        DATED May 15, 2020.

4                    *s/Mary K. Dimke*
                    MARY K. DIMKE
5            UNITED STATES MAGISTRATE JUDGE

ORDER - 24